***********
The undersigned have reviewed the prior Order and the briefs and arguments of the parties. The appealing party has shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission REVERSES the December 22, 2008, Order from and enters a new Order in the matter of attorneys' fees for plaintiff's counsel.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. Plaintiff, Celia Bell, sustained an injury on May 12, 2007, to her right shoulder.
2. Plaintiff's claim was originally denied by defendants and no medical or indemnity benefits were paid.
3. Plaintiff retained the Law Offices of Kathleen G. Sumner as counsel to represent her in her workers' compensation claim on January 29, 2008. At that time, plaintiff signed a fee agreement agreeing to pay attorneys' fees of 25% of any weekly check that she received as well as of any settlement or lump sum payment recovered in her workers' compensation claim.
4. Once retained, plaintiff's counsel filed a Form 18 and a Form 33. Plaintiff's counsel further served interrogatories on defendants, obtained copies of Plaintiff's medical records and remained in constant contact with defendants regarding issues of medical treatment and was instrumental in securing medical treatment for Plaintiff and getting Dr. Brenner approved to treat her and see her for a follow up appointments.
5. The parties were ordered into mediation and mediation was scheduled for October 6, 2008. As a direct result of the efforts of plaintiff's counsel prior to mediation, defendants agreed to accept the claim and agreed to pay past due indemnity compensation.
6. But for the direct efforts of plaintiff's counsel, plaintiff would not have received payment of the accrued indemnity compensation.
7. Plaintiff's average weekly wage was sufficient to yield the maximum compensation rate for the year 2007 of $754.00.
8. Plaintiff was out of work for her compensable injury from December 26, 2007, until March 17, 2008, and from April 14, 2008, until April 15, 2008. The accrued temporary total disability compensation for this period is $9,048.00. Out of this amount, the parties *Page 3 
stipulated that defendants were entitled to a net credit for Accident and Sickness benefits that plaintiff received while out of work pursuant to an employee benefit plan fully funded by the employer in the amount of $3,470.34.
9. Plaintiff's counsel requested that a 25% attorney fee be approved from the amount due plaintiff before the credit pursuant to N.C. Gen. Stat. § 97-42 and Church v. Baxter Travenol Labs, Inc.,104 N.C. App, 411, 409 S.E. 2d 715 (1991). Plaintiff's counsel requested a 25% award of attorneys' fees out of the compensation due plaintiff as follows: accrued compensation from December 26, 2007, until March 17, 2008, and from April 14, 2008, until April 15, 2008, that totaled $9,048.00 be subject to an award of attorneys' fee in the amount of $2,262.00 to be paid directly to the attorney. Plaintiff's check would be $9,048.00 minus $2,262.00 and minus $3,470.34 resulting in a total amount due plaintiff from accrued TTD after deductions of $3,315.66.
10. Plaintiff's counsel further requested a 25% award of attorneys' fees from any ongoing weekly compensation paid plaintiff.
11. The fee agreement signed by plaintiff was for a contingency fee of 25%. This is a usual and customary fee in a workers' compensation claim. The requested fee totaled $2,262.00. The fee requested by plaintiff's counsel is not an unreasonable fee considering the results achieved, acceptance of the claim, payment of indemnity compensation, and payment of medical treatment.
12. Plaintiff returned to work on March 17, 2008. She missed two days of work in April 2008 but has continued to work since that time. Plaintiff is working and not eligible to receive ongoing indemnity compensation.
13. Plaintiff continues to be represented by Law Offices of Kathleen G. Sumner. *Page 4 
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Pursuant to the contract of employment between plaintiff and her counsel, plaintiff's counsel is entitled to a 25% attorney from the amount due plaintiff before the credit pursuant to N.C. Gen. Stat. § 97-42. The fee requested by plaintiff's counsel is not unreasonable in light of the services provided by plaintiff's counsel and should be approved. N.C. Gen. Stat. § 97-90.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's counsel is entitled to 25% attorney fee from temporary total disability benefits from December 26, 2007, until March 17, 2008, and from April 14, 2008, until April 15, 2008, totaling $9,048.00. Defendants shall deduct the $2,262.00 attorney fee from the amount due plaintiff, $3,315.66, and pay the attorney fee directly to plaintiff's counsel. The defendants shall pay the balance directly to the plaintiff in the amount of $3,315.66, permitting defendants a credit for $3,470.34 for the employee benefit plan fully funded by the employer.
2. Plaintiff's counsel is entitled to 25% attorneys' fees from any ongoing compensation due plaintiff paid weekly.
3. No costs are assessed.
This the __ day of July, 2009. *Page 5 
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ LAURA K. MAVRETIC COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1